United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J & J SPORTS PRODUCTIONS, INC.,    ) Case No. 10-5125 SC
                                   )
            Plaintiff,             ) ORDER GRANTING APPLICATION
                                   ) FOR DEFAULT JUDGMENT
    v.                             )
                                   )
ELISA AQUINO MARCAIDA,             )
individually and d/b/a MANILA      )
MANILA 2 RESTAURANT,               )
                                   )
            Defendant.             )
_____)

I.    **INTRODUCTION**

        Plaintiff J & J Sports Productions, Inc. ("Plaintiff") seeks
entry of Default Judgment against Defendant Elisa Aquino Marcaida
("Marcaida" or "Defendant"), individually, and doing business as
Manila Manila 2 Restaurant ("the restaurant").  ECF No. 9 ("App.
for Default J.").  Having considered the papers submitted, the
Court concludes that entry of Default Judgment against Defendant is
appropriate, and GRANTS Plaintiff's Application.

II.   **BACKGROUND**

        As it must when considering an application for default
judgment, the Court assumes the veracity of Plaintiff's well-
pleaded allegations.  Plaintiff is a California corporation with
its principal place of business in Campbell, California.  ECF No. 1

United States District Court
For the Northern District of California

1   ("Compl.") ¶ 6.  Defendant is the owner and operator of Manila

2   Manila 2 Restaurant in Newark, California.  Id. ¶ 7.  Plaintiff was

3   granted the exclusive, nationwide television rights to

4   "'Firepower': Manny Pacquiao v. Miguel Cotto, WBO Welterweight

5   Championship Fight Program," a November 14, 2009 closed-circuit

6   telecast of boxing matches and commentary ("the program").  Id. ¶

7   9.  Plaintiff entered into sublicensing agreements that gave

8   commercial establishments in the hospitality industry the right to

9   publicly exhibit the program.  Id. ¶ 10.

10      Plaintiff alleges that Defendant willfully and unlawfully

11  intercepted and exhibited the program at the time of its

12  transmission at the restaurant.  Id. ¶¶ 12-13.  Plaintiff's

13  investigator, Gary Gravelyn ("Gravelyn"), entered the restaurant on

14  the night of the telecast and witnessed the program being displayed

15  on two forty-inch television sets.  ECF No. 9-3 ("Gravelyn Aff.").

16  He estimated the capacity of the restaurant to be approximately

17  seventy-five people.  Id.  During the two minutes he was inside the

18  restaurant, he performed three headcounts, each of which revealed

19  thirty-five patrons in attendance.  Id.  There was no cover charge

20  for entrance to the restaurant.  Id.

21      Plaintiff filed this action on November 11, 2010, alleging

22  violations of 47 U.S.C. §§ 605 and 553, conversion, and violation

23  of California Business and Professions Code §§ 17200, et seq.  Id.

24  ¶¶ 9-37.  Plaintiff filed proof of service on December 31, 2010.

25  ECF No. 6.  Defendant did not file an answer and has not

26  subsequently appeared.  On January 20, 2011, Plaintiff filed a

27  request for entry of default with the Court.  ECF No. 7.  The Clerk

28  of the Court entered default against Defendant on January 26, 2011.

1    ECF No. 8.

2

3    **III.  <u>LEGAL STANDARD</u>**

4         After entry of a default, the Court may enter a default

5    judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do

6    so, while "discretionary," <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092

7    (9th Cir. 1980), is guided by several factors.  As a preliminary

8    matter, the Court must "assess the adequacy of the service of

9    process on the party against whom default is requested." <u>Bd. of</u>

10   <u>Trs. of the N. Cal. Sheet Metal Workers v. Peters</u>, No. 00-0395,

11   2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If

12   the Court determines that service was sufficient, it should

13   consider whether the following factors support the entry of default

14   judgment: (1) the possibility of prejudice to the plaintiff; (2)

15   the merits of plaintiff's substantive claim; (3) the sufficiency of

16   the complaint; (4) the sum of money at stake in the action; (5) the

17   possibility of a dispute concerning material facts; (6) whether the

18   default was due to excusable neglect; and (7) the strong policy

19   underlying the Federal Rules of Civil Procedure favoring decisions

20   on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir.

21   1986).

22

23   **IV.  <u>DISCUSSION</u>**

24        **A.   <u>Service of Process</u>**

25        Federal Rule of Civil Procedure 4(e)(1) provides that an

26   individual may be served by following state law in the state where

27   the district court is located or where service is made.  Fed. R.

28   Civ. P. 4(e)(1).  California law provides that, in lieu of personal

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

service:

> a summons may be served by leaving a copy of
> the summons and complaint at the person's . . .
> usual place of business, or usual mailing
> address . . . in the presence of a competent
> member of the household or a person apparently
> in charge of his or her office, place of
> business, or usual mailing address . . . at
> least 18 years of age, who shall be informed of
> the contents thereof, and by thereafter mailing
> a copy of the summons and of the complaint . .
> . to the person to be served at the place where
> a copy of the summons and complaint were left.

Cal. Code Civ. Proc. 415.20(b).  This method of service on a
natural person is available only after the exercise of "reasonable
diligence" proves ineffective in accomplishing service by personal
delivery.  See id.

Here, after five attempts to serve Defendant at Manila Manila
2 Restaurant, service was left with Fred Marcaida, the person in
charge at the restaurant on December 17, 2010.  ECF No. 6 ("Proof
of Service").  The process server instructed Fred Marcaida to
deliver the documents to Defendant.  Id.  On December 20, 2010,
copies of the summons, complaint, and other relevant documents were
mailed to Defendant at Manila Manila 2 Restaurant.  Id.
Accordingly, the Court finds that service of process was adequate.

   **B.   Default Judgment**

"The general rule of law is that upon default the factual
allegations of the complaint, except those relating to the amount
of damages, will be taken as true."  Geddes v. United Fin. Group,
559 F.2d 557, 560 (9th Cir. 1977).  Therefore, the Court accepts as
true the facts as presented in the Complaint.

Here, the Eitel factors favor default judgment.  If Plaintiff
is not granted default judgment, it will suffer prejudice because
it will not be able to recover the costs of its purchase of the

4

1  exclusive distribution rights to the program.

2      Plaintiff's Complaint is sufficiently well-pleaded.  The

3  Complaint alleges causes of action under sections 605 and 553 of

4  Title 47 of the United States Code.  Compl. ¶¶ 9-22.  Section 605

5  prohibits the unauthorized interception of radio or satellite

6  communications, and section 553 prohibits the unauthorized

7  interception of cable signals.  See, e.g., California Satellite

8  Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985); J & J Sports

9  Prods., Inc. v. Manzano, No. 08-1872, 2008 WL 4542962, at *2 (N.D.

10 Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he

11 intercepts a cable signal, he violates section 605 if he intercepts

12 a satellite broadcast.  But he cannot violate both by a single act

13 of interception.").  Because Defendant has failed to respond to the

14 Complaint, Plaintiff cannot determine the precise means Defendant

15 used to receive the program unlawfully.  See ECF No. 9-1 ("Mem. of

16 P. & A.") at 3.[1]  Plaintiff moves for statutory damages under

17 section 605 only.  See ECF No. 9-6 ("Proposed Order").  Based on

18 the declaration of Plaintiff's investigator and Plaintiff's failure

19 to respond to this litigation, the Court finds it appropriate to

20 award damages under 47 U.S.C. § 605.  Plaintiff has also alleged a

21 pendent state law cause of action for conversion.  Plaintiff has

22 adequately pleaded facts in support of each of his claims.  Taking

23 these facts as true as the Court must, Plaintiff's claims have

24 merit.

25     The sum of money at stake is not so large as to weigh against

26

27 _____

   [1] Plaintiff's investigator was unable to determine the means used
28 to intercept the program.  He declares neither a cable box nor
   satellite dish were visible while he was at the restaurant.  See
   Gravelyn Aff.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  granting default judgment.  Plaintiff seeks statutory damages of

2  $110,000 and conversion damages of $2,200.  <u>See</u> Proposed Order.

3  The Court has discretion to award a lesser amount under section

4  605.

5      Defendant has made no showing of excusable neglect, and given

6  Defendant's failure to participate in this lawsuit, there is little

7  possibility of dispute concerning material facts.  Therefore,

8  overall, the <u>Eitel</u> factors weigh in favor of default judgment.

9      **C.   <u>Remedy</u>**

10     Plaintiff seeks statutory damages under 47 U.S.C. §§

11 605(e)(3)(B)(iii) & (c)(ii) and compensatory damages under state

12 common law conversion.  Mem. of P. & A. at 8.[2]

13         **1.   <u>Damages Under § 605</u>**

14     Plaintiff seeks the maximum statutory damages of $110,000

15 based on a willful violation of § 605.  App. for Default J. ¶ 5.

16 Under this statute, an aggrieved party "may recover an award of

17 statutory damages for each violation . . . in a sum of not less

18 than $1,000 or more than $10,000, as the court considers just."  47

19 U.S.C. § 605(e)(3)(C)(i)(II).  If the "court finds that the

20 violation was committed willfully and for purposes of direct or

21 indirect commercial advantage or private financial gain, the court

22 in its discretion may increase the award of damages . . . by an

23 amount of not more than $100,000 for each violation . . . ."  <u>Id.</u> §

24 605(e)(3)(C)(ii).  Here, because of the extreme unlikelihood that

25 Defendant inadvertently acquired the signal to display the fight,

26

27 [2] Plaintiff's submissions to the Court in connection with this
application for default judgment make no claim for relief under
28 California Business and Professions Code §§ 17200 <u>et seq</u>.  As such,
the Court considers Plaintiff to have abandoned this claim.

6

**United States District Court**
For the Northern District of California

coupled with Defendant's failure to appear in this lawsuit, the
Court finds that Defendant acted willfully and for the purposes of
commercial advantage and enhanced damages are warranted.  See,
e.g., Time-Warner Cable of New York City v. Googies Luncheonette,
Inc., 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) (finding signal
interception willful because "signals do not descramble
spontaneously, nor do television sets connect themselves to cable
distribution systems").

Courts in this circuit have granted widely varying awards
ranging from near the minimum statutory award of $1,000 to near the
maximum of $110,000, depending on such factors as the capacity of
the establishment, the number of patrons in attendance, and whether
a cover charge was required for entrance.  See, e.g., J & J Sports
Prods., Inc. v. Cardoze, 2010 U.S. Dist. LEXIS 74606, at *13 (N.D.
Cal. July 9, 2010) (awarding $1,250 in statutory damages for
willful interception and exhibition of boxing program); J & J
Sports Prods., Inc. v. Ferreyra, CIV S-08-128, 2008 WL 4104315, at
*1 (E.D. Cal. Aug. 28, 2008) (awarding $100,000 where defendant was
a repeat offender).  In Ferreyra, the court emphasized that a large
award was warranted because the defendant was on notice from a
prior lawsuit that pirating a commercial signal was unlawful.  Id.
at *1.  Here, Plaintiff advises the Court that a similar action is
currently pending against Defendant in another division of this
Court.  Riley Supp. Decl. ¶ 6.[3]  Plaintiff asks the Court to award
the maximum amount authorized by statute in light of Defendant's
alleged multiple infractions.  Id.

---

[3] Thomas P. Riley ("Riley"), attorney for Plaintiff, filed two
declarations in support of the Application.  See ECF No. 9-2
("Riley Decl."), 9-4 ("Riley Supp. Decl.").

United States District Court
For the Northern District of California

1   However, in this case, unlike Ferreyra, the Court cannot

2   conclude that Defendant was on notice that her conduct was unlawful

3   at the time it occurred, because the parallel suit referenced by

4   Plaintiff was filed on October 7, 2010, well after Defendant's

5   unlawful conduct at issue in this case.  See J & J Sports v.

6   Marcaida, No. 10-CV-4540 (N.D. Cal. Oct. 7, 2010).  Thus, the Court

7   finds that an award comparable to the $100,000 award in Ferreyra is

8   unwarranted.

9   Nevertheless, the Court notes that signal piracy is a

10  pervasive and increasing problem and that a primary purpose of §

11  605 is to deter such conduct.  See, e.g., Garden City Boxing Club,

12  Inc. v. Batista, No. 05-CV-1044, 2007 WL 4276836, at *4 (E.D.N.Y.

13  2007) (when awarding damages under § 605, "courts should be mindful

14  of the difficulty in detecting such violations and the widespread

15  problem of piracy . . . [and] the deterrent purposes of the

16  statute").  The need to deter future piracy by Defendant and others

17  requires an award substantially higher than the cost Defendant

18  would have incurred to purchase a license to lawfully exhibit the

19  program.  In this case, the rate to license the program for a venue

20  of the restaurant's capacity was $2,200.  ECF No. 9-5 ("Pl.'s

21  Aff.").

22  Balancing the relatively small impact of Defendant's

23  misconduct with the deterrent purpose of the statute, the Court

24  finds that an award equal to three times the price Defendant would

25  have had to pay to lawfully purchase the program is an appropriate

26  sanction in this case.  The Court therefore awards $6,600 to

27  Plaintiff for Defendant's willful violation of § 605.

28  ///

**United States District Court**
For the Northern District of California

      **2.**   <u>**Conversion**</u>

     Plaintiff also seeks $2,200 in damages for its conversion claim.  <u>See</u> Proposed Order.  Damages for conversion must be based on the value of the property at the time of the conversion.  <u>Krueger v. Bank of America</u>, 145 Cal. App. 3d 204, 215 (Ct. App. 1983).  Here, the value of the program is measured by the cost Defendant would have had to pay to lawfully purchase the program. The Court therefore awards Plaintiff $2,200 in compensatory damages for conversion.

      **3.**   <u>**Attorneys' Fees and Costs**</u>

     Under § 605, a prevailing party is entitled to recover full costs and reasonable attorney's fees.  47 U.S.C. § 605(e)(3)(B)(iii).  Here, Plaintiff has not provided an accounting of attorney's fees or costs.  Thus, the Court cannot award fees and costs at this time.

///
///
///
///
///
///
///
///
///
///
///
///
///

9

**United States District Court**
For the Northern District of California

**V.   CONCLUSION**

The Court GRANTS the Application for Default Judgment filed by Plaintiff J & J Sports Productions, Inc. against Defendant Elisa Aquino Marcaida.  The Court awards Plaintiff a total of $8,800. This award consists of $6,600 in statutory damages under 47 U.S.C. § 605, and $2,200 in compensatory damages for conversion.

If Plaintiff intends to seek attorney's fees and costs, Plaintiff shall file its request, supported by an itemized accounting of fees and costs, within ten (10) days of this Order. Upon receipt and consideration of this declaration, the Court will enter judgment in an appropriate amount in favor of Plaintiff and against Defendant.  Failure to timely file this declaration will result in a waiver of the request for fees and costs.

IT IS SO ORDERED.

Dated: May 31, 2011

_____
UNITED STATES DISTRICT JUDGE